UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARA OSBORNE PECKHAM ) | ECF Case: |
| ) | |
| Plaintiff ) | Case Number: |
| ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| CAPITAL MANAGEMENT SERVICES, LP ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Sara Osborne Peckham by and through her undersigned counsel, Bruce K. Warren of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Sara Osborne Peckham, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this district is proper in that Defendant maintains a primary place of business in this district.

### III.   PARTIES

4.     Plaintiff, Sara Osborne Peckham, is an adult natural person residing at 520 S Market Boulevard, Chehalis, WA 98532.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, Capital Management Services, LP at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt in the State of Washington and the State of New York, with a primary place of business located at 726 Exchange Street, Suite 700, Buffalo, NY 14210.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7.     In May 2011, Plaintiff agreed to make a payment of $60.00 to Defendant, which was to be charged as three separate $20.00 deductions, regarding an alleged debt owed to Chase.

8.     In months prior, Plaintiff has made routine monthly payments in varying amounts dependent upon her available funds.

9.     On May 20, 2011 Plaintiff phoned Defendant so her payment date could be moved to May 31, 2011.

10. Plaintiff then phoned Defendant a second time, on May 27, 2011 at 4:24 PM to postpone her payment date to June 1, 2011 due to the Memorial Day holiday.

11. On the May 27, 2011 phone call Plaintiff spoke with "Anthony" who assured Plaintiff that there would be no issues with her choice to postpone the payment date.

12. Defendant instead chose to charge Plaintiff's account three times on May 31, 2011 despite Defendant's prior assurance that her account would not be charged until June 1, 2011.

13. As a result of Defendant's negligence, Plaintiff was met with three $32.00 NSF fees totaling $96.00.

14. Plaintiff called Defendant on June 1, 2011 to voice her displeasure regarding Defendant's choice to ignore their arrangement and again spoke with "Anthony."

15. Anthony denied that he ever spoke with Plaintiff on May 27, 2011 and stated that Defendant's account notes reflect his position.

16. After further reviewing her records later in the day, Plaintiff placed a second call to Defendant and asked to speak with "Anthony," but she was transferred to his assistant instead.

17. Plaintiff was told that Defendant's account notes show that her May 27, 2011 call was made to change the payment date to May 31, 2011, a fact that is simply untrue because Plaintiff had already done so on May 20, 2011.

18. "Anthony" and his assistant maintain two opposite positions, as "Anthony" claims that the May 27, 2011 call never took place, while his assistant acknowledges it.

19. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions

within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiff herein.

22. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

23. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692f(1): Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

§ 1692f(5): Caused any charges to be made to consumer

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, Capital Management Services, LP for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                        Respectfully submitted,

                                        WARREN & VULLINGS, LLP

**Date: July 7, 2011**　　　　　　　　BY: /s/
　　　　　　　　　　　　　　　　　Bruce K. Warren, Esquire

                                        Warren & Vullings, LLP
                                        93 Old York Road, Suite 333
                                        Jenkintown, PA 19046
                                        215-745-9800   Fax 215-745-7880
                                        Attorney for Plaintiff